IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,

CENTRAL DIVISION

| | |
|---|---|
| JOEL OLSEN, an individual,<br><br>               Plaintiff,<br><br>v.<br><br>ROOSEVELT CITY CORPORATION,<br><br>               Defendant. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION TO DISMISS IN PART**<br><br>Case No. 2:17-cv-00903-TC-DAO<br><br><br>District Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Defendant Roosevelt City Corporation (Roosevelt City) has moved to dismiss three of the seven claims Plaintiff Joel Olsen asserted against it. (ECF No. 47.) These are Mr. Olsen's claims for retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. For the following reasons, the court grants in part and denies in part the motion to dismiss.

## BACKGROUND

Mr. Olsen sued Roosevelt City, his former employer, after he was fired in July 2016. (Compl., ECF No. 2 at ¶¶ 7, 36.)[1] Mr. Olsen served as Superintendent of the Roosevelt Municipal Golf Course for over six years. (Id. ¶ 7.) During his employment, Mr. Olsen suffered from health problems that disrupted his daily life. (Id. ¶¶ 8–10.) Roosevelt City was aware of Mr. Olsen's health conditions and regarded him as disabled. (Id. ¶¶ 12–13.)

In February 2016, Mr. Olsen informed Roosevelt City of his worsening health conditions and requested a leave of absence so that he could obtain a proper medical diagnosis and

---

[1] All factual allegations are from Mr. Olsen's complaint. The court accepts them as true for the purpose of deciding this motion to dismiss. Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo., 771 F.3d 697, 700 (10th Cir. 2014).

treatment plan.  (Id. ¶ 14.)  Mr. Olsen first used accrued leave to take time off, but when his leave expired around May 2016, he took a 12-week leave of absence under the Family and Medical Leave Act (FMLA).  (Id. ¶¶ 15–17.)  During this time, doctors diagnosed Mr. Olsen with an autoimmune disease called "Chronic Inflammatory Demyelinating Polyneuropathy." (Id. ¶ 19.)

To treat this disease, Mr. Olsen received regular blood transfusions.  (Id. ¶¶ 21–22.)  The transfusions proved successful, and Mr. Olsen's doctors certified him to return to work beginning July 15, 2016.  (Id. ¶ 23.)  Mr. Olsen met with his Roosevelt City supervisors on June 30, 2016, to inform them of this development.  (Id. ¶ 24.)

Select Health—Mr. Olsen's health insurance provider through Roosevelt City—preauthorized coverage for the infusions through March 2017.  (Id. ¶ 26.)  But around July 1, 2016, Roosevelt City switched its health insurance provider from Select Health to United Health Care.  (Id. ¶ 27.)  Though Roosevelt City had promised employees that changing health insurance providers would not disrupt their medical care, changing providers left Mr. Olsen without health insurance coverage for about three weeks.  (Id. ¶ 29.)  As a result, Mr. Olsen was unable to receive blood transfusions, and his health quickly declined.  (Id. ¶ 31.)  Mr. Olsen was unable to return to work as planned.  (Id. ¶ 32.)

Roosevelt City rejected Mr. Olsen's request for additional temporary leave and refused to engage in discussions with him regarding potential accommodations for his disability before firing him, effective July 31, 2016.  (Id. ¶¶ 33–36.)  After his termination, in addition to bringing this lawsuit, Mr. Olsen timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  (Id. ¶ 41.)  In the charge, Mr. Olsen checked the box that indicated he was discriminated against because of his disability.  (Charge of Discrimination, ECF

2

No. 47-1.) He did not check the box for retaliation. (Id.) Before the EEOC could complete its investigation of Mr. Olsen's charge, Mr. Olsen brought this lawsuit to preserve his claims before the statute of limitations expired. (Mot. to Stay, ECF No. 3.) Pending the EEOC's determination, this case was stayed in August 2017. (Order Granting Mot. to Stay, ECF No. 4.) The court lifted the stay in November 2022, after the EEOC issued Mr. Olsen a right to sue notice. (Dkt. Text Order, ECF No. 40; Status Rep., ECF No. 39 at 1.)

## LEGAL STANDARD

"To survive a [Federal] Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must allege sufficient facts 'to state a claim to relief that is plausible on its face.'" Strauss v. Angie's List, Inc., 951 F.3d 1263, 1266 (10th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible. Id. at 1267 (citation omitted). The court must "accept all well-pled factual allegations as true and view these allegations in the light most favorable to the nonmoving party." Id. (citation omitted). But this rule is inapplicable to legal conclusions and to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## ANALYSIS

I. **Mr. Olsen's Retaliation Claim**

The Americans with Disabilities Act (ADA) requires a plaintiff to exhaust his administrative remedies before filing suit. Jones v. UPS, Inc., 502 F.3d 1176, 1183 (10th Cir. 2007). "The first step to exhaustion is the filing of a charge of discrimination with the EEOC." Id. The court "liberally construe[s] charges filed with the EEOC in determining whether

administrative remedies have been exhausted as to a particular claim." Id. at 1186; see also Smith v. Cheyenne Retirement Investors LP, 904 F.3d 1159, 1166 (10th Cir. 2018) ("Because EEOC [c]harges are traditionally filed by non-attorneys, we have repeatedly emphasized that the [c]harges should be "liberally construe[d]" at all levels of their review.").

Failure to exhaust is an affirmative defense that "may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." Cirocco v. McMahon, 768 F. App'x 854, 858 (10th Cir. 2019).[2] The court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation omitted).

While failing to check a box in an EEOC charge is not dispositive, it creates a presumption that a claimant will not be asserting claims associated with unchecked boxes. Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998). But that presumption can be "rebutted where a reasonable reader would understand the text of the charge to allege the type of claim in question, or where the claimant supplements her charge …." Zemaitiene v. Corp. of Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, No. 2:16-cv-1271, 2018 WL 1581252, at *1 (D. Utah Mar. 28, 2018) (citation omitted). "The ultimate question is whether the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]." Smith, 904 F.3d at 1164 (citation omitted). Limiting a plaintiff's federal court action

---

[2] Roosevelt City has conceded that "Mr. Olsen's failure to exhaust his administrative remedies with respect to his retaliation claim does not impact this [c]ourt's jurisdiction over that claim." (Reply, ECF No. 51 at 2.) Roosevelt City brings its challenge to Mr. Olsen's retaliation claim under Federal Rule 12(b)(6) instead. (Id. at 3.)

by the scope of the administrative investigation, Jones, 502 F.3d at 1185, "(1) … give[s] employer[s] notice of alleged violation[s] and (2) … give[s the] EEOC [the] opportunity to conciliate the claim." Smith, 904 F.3d at 1166 (citation omitted).

The dispositive question for the court is therefore whether Mr. Olsen's retaliation claim would fall within the scope of the EEOC investigation that would reasonably grow out of Mr. Olsen's EEOC disability discrimination charge. This court has held that a claimant's retaliation claim was reasonably related to her claim of age discrimination, where, like here, she left the retaliation box blank and made no mention of retaliation in the narrative portion of her EEOC charge. Segura v. Granite Const. Co., 493 F. Supp. 2d 1187, 1190 (D. Utah 2007). The facts underlying the claimant's charge "include[ed] derogatory comments about the plaintiff's age made to her in the workplace, her supervisor yelling and screaming at her, reports made by plaintiff to management about the alleged conduct with no result, no response by management to her complaints, and her termination." Id. at 1191. Because the discrimination and retaliation claims "ar[o]se from the same base of alleged facts[,]" "[f]acts surrounding plaintiff's retaliation claim would be discovered in any investigation of her age discrimination claim." Id.

In deciding whether a claim has been exhausted, the Tenth Circuit looks at whether the factual narrative asserted in the EEOC charge supports the claim. In Jones, though Mr. Jones checked the box for retaliation in his EEOC intake questionnaire, the court found that Mr. Jones exhausted his retaliation claim because his factual narrative supported the claim. 502 F.3d at 1187. There, the narrative of facts stated: "On 2-3-04 Dr. … Poppa release[d] me to return to full duty, On 2-9-04 Dr. Legler release[d] me to return to full duty. After UPS contacted Dr. Legler, Dr. Legler changed restriction on 2/9/04." Id. These facts alleged "that UPS interfered with a medical evaluation in order to ensure Mr. Jones was not released to return to full-duty

5

work." Id. The court did not find that this narrative supported Mr. Jones's failure to accommodate claim, nor did he check the applicable box anywhere. Id. at 1187.

In Mr. Olsen's EEOC charge, he wrote: "I have a disability. I have reason to believe that because of this, I have been subjected to discrimination. On June 30, 2016 I had a doctor's note 'return to work on light duty, part time hours.' I asked for accommodations with my work schedule and was denied." (ECF No. 47-1.) He then explained what happened after Roosevelt City switched insurance providers: "Without proper care my health regressed … I asked for a reasonable accommodation and was denied. I was terminated July 31, 2016. I believe the determining factor in my termination was my disability." (Id.)

While Mr. Olsen did not check the box for retaliation in his charge, the factual narrative he asserted in the charge supports his retaliation claim. As in Jones, Mr. Olsen makes no explicit mention of retaliation in his narrative. (Id.) Mr. Olsen need not state a prima facie retaliation case to have exhausted this claim, but he adequately "lay[s] a factual foundation for [such] a … claim[.]" Mitchell v. City & Cnty. of Denver, 112 F. App'x 662, 668 (10th Cir. 2004). In his factual narrative, Mr. Olsen shows he engaged in protected activities—asking for reasonable accommodations—just before Roosevelt City fired him. Foster v. Mountain Coal Co., LLC, 830 F.3d 1178, 1188 (10th Cir. 2016) ("[A] request for accommodation can constitute protected activity supporting a[n ADA] retaliation claim." (citation omitted)). This suggests that his termination was the result of requesting reasonable accommodations. Cf. Shepherd v. Precision Drilling Co., LP, No. CV 12-0351, 2013 WL 11865970, at *5 (D.N.M. April 9, 2013) ("Shepherd failed to mention retaliation, and he never claimed or suggested that his termination was the result of his complaints to his supervisors[.]"). Ultimately, Mr. Olsen's discrimination and retaliation claims arise from the same set of alleged facts. Segura, 493 F. Supp. 2d at 1191. Mr.

6

Olsen requested accommodations because of his disability, and Roosevelt City fired him within a matter of weeks. Given the facts alleged in his charge, the EEOC and Roosevelt City would have been on notice that Mr. Olsen was going to bring a retaliation claim.

Accordingly, Mr. Olsen's retaliation claim would reasonably be discovered in any administrative investigation into his disability discrimination claim. Roosevelt City's motion to dismiss Mr. Olsen's retaliation claim is therefore denied.

## II. Mr. Olsen's Claims for Intentional and Negligent Infliction of Emotional Distress

Roosevelt City has additionally moved to dismiss Mr. Olsen's claims for intentional and negligent infliction of emotional distress. First, Roosevelt City argues that it is immune from these claims. Second, Roosevelt City maintains that the Utah Anti-Discrimination Act (UADA) preempts these two claims.

Utah Code Ann. § 63G-7-201(4) bars Mr. Olsen's claim for negligent infliction of emotional distress. This statutory provision provides that "[a] governmental entity, its officers, and its employees are immune from suit … for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from … infliction of mental anguish[.]" Utah Code Ann. § 63G-7-201(4).

Mr. Olsen's claim for intentional infliction of emotional distress is also barred. Utah Code Ann. § 63G-7-101(3) reads in pertinent part that "[a] governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in this chapter." And "Utah has not expressly waived immunity for claims of intentional infliction of emotional distress." Wilkerson v. Duchesne Cnty. Sch. Dist., No. 2:20-cv-00099, 2020 WL 13032908, at *3 (D. Utah July 7, 2020).

Because Roosevelt City's immunity bars Mr. Olsen's state law tort claims, the court need not address whether the UADA preempts the claims. Mr. Olsen's claims for intentional and negligent infliction of emotional distress are dismissed.

## ORDER

Accordingly, the court GRANTS in part and DENIES in part Roosevelt City's motion to dismiss. (ECF No. 47.) The court GRANTS the motion as it pertains to Mr. Olsen's claims for intentional infliction of emotional distress and negligent infliction of emotional distress. But the court DENIES the motion to dismiss Mr. Olsen's retaliation claim.

DATED this 9th day of November, 2023.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge